**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

UNITED STATES                         CRIM. NO. 10-0230

VERSUS                                JUDGE S. MAURICE HICKS, JR.

JECARLOS CARTER, ET AL          MAGISTRATE JUDGE HORNSBY

---

## MEMORANDUM ORDER

Before this Court is a Motion in Limine to Include Evidence (Record Document 138) filed by the Government. The motion is opposed. See Record Documents 150, 152 and 154. For the following reasons, the motion is **GRANTED**.

This Court finds this motion to be an "offensive" motion in limine because according to the Government "[t]he defendants may seek to exclude intercepted conversations and testimony regarding shooting an unindicted co-conspirator for non-payment of [a] debt, specifically owing JECARLOS CARTER for two ounces of cocaine." [Record Document 138 at 1]. The Government seeks an advance ruling that the evidence (the intercepted conversations) is in fact admissible.

There appears to be a dispute between the Defendants as to which standard/rule of evidence applies to this determination. Defendant Ramon Daniels argues the evidence the government seeks to introduce is extrinsic and governed by Fed. R. Evid. 404(b) and United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1994).[1] JeCarlos Carter contends

---

[1] "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." Beechum, 582 F.2d at 911.

this is intrinsic evidence and the balancing test of Fed. R. Evid. 403 governs.[2] The Court finds the proffered evidence is not extrinsic evidence. Instead, it is intrinsic to the alleged drug conspiracy between the participants on the taped conversations, namely JeCarlos Carter, Ramon Daniels and Nicky Carter. [Record Document 138]. Therefore, the balancing test contained within Fed. R. Evid. 403 will govern this Court's analysis.

According to Fed. R. Evid. 403:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. To exclude evidence under Rule 403, this Court must find that "the probative value of that evidence 'is *substantially* outweighed by the danger of unfair prejudice.'" United States v. Caldwell, 820 F.2d 1395, 1404 (5th Cir. 1987) (quoting Fed. R. Evid. 403) (emphasis added). The Court notes "[t]he balancing of probative value against prejudicial effect is committed to the sound discretion of the trial judge, a decision that is final in the absence of abuse of discretion." United States v. Dula, 989 F.2d 772, 778 (5th Cir. 1993).

The government seeks to include transcripts between the three parties planning a shooting of "an unindicted coconspirator [Paul Washington] for not paying his cocaine related debts." [Record Document 138-1 at 1]. Washington was never shot. All

---

[2] "'Other act' evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." United States v. Williams, 900 F.2d 823, 825 (5th Cir.1990) (citations omitted). "Intrinsic evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place, and to evaluate all of the circumstances under which the defendant acted." United States v. Rice, 607 F.3d 133, 141 (5th Cir.2010) (internal citations and quotations omitted).

Defendants bear out their belief that the admission of the transcripts would serve to inflame the passions of the jury.

Ramon Daniels and Antonio Furlow (not on the tape) argue that admission of such evidence would paint the alleged conspiracy as prone to violence, which they argue the evidence cannot support. See Record Documents 152 and 154. While this Court is aware that most drug conspiracy defendants believe that drugs do not beget violence, the Court is not so naive. Case after case after case have paved the link between drugs and violence. It is no way as anathema as Defendants allege.

To establish a conspiracy to distribute a controlled substance, the Government must prove beyond a reasonable doubt: "(1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." United States v. Valdez, 453 F.3d 252, 256-57 (5th Cir.2006). The Government contends

> [i]n all conspiracies, different people play different roles. In this conspiracy, RAMON DANIELS played a unique role as confidant, right-hand man, and protégé to JECARLOS CARTER. When JECARLOS CARTER wanted to take action against someone who stole from him, he called his sister NICKY CARTER to assist in collecting the money and he called RAMON DANIELS to assist him in retribution. These calls provide a unique perspective of the roles of RAMON DANIELS and NICKY CARTER in JECARLOS CARTER's organization.

[Record Document 138-1 at 6-7]. The Government has only been able to provide this Court with one case that is remotely analogous to facts at hand. See United States v. Cortinas, 142 F.3d 242 (5th Cir. 1998). In that drug conspiracy case, the Government introduced evidence of a "shooting up" of a house for the nonpayment of a drug related debt. Id. at 247-48. On review, the Fifth Circuit held:

> [t]he shooting incident was admitted properly as an intrinsic act in furtherance of the conspiracy. The violence was part of the effort to collect money owed for marihuana[3] that had been delivered to one of Nieto's customers.

Id. at 248 (internal citations omitted). While in this instance the facts are not so heinous, the Fifth Circuit's holding is instructive. This Court has been unable to find any other cases similar to the one before it. The evidence at bar is no way as prejudicial as the evidence admitted in Cortinas.

However, this Court does take pause. Defendants argue the statements were merely hot headed bravado. See Record Document 152. Defendants are free to pursue this theory at trial. The Court realizes the evidentiary prejudice of this recording, but "all probative evidence is by its very nature prejudicial." United States v. Powers, 168 F.3d 741, 749 (5th Cir. 1999). The Court finds that this prejudice does not outweigh its relevance and rise to the level of unfair prejudice. Subject to the Government being able to authenticate the intercepted conversations, the Court finds the evidence of the planned

---

[3]In this instance, the Fifth Circuit chose to use the spelling contained in the federal statutes prohibiting the distribution of that substance. See 21 U.S.C. § 841(b)(4). However, the Court will note that the Supreme Court of the United States adopted the spelling "marijuana." Tony Mauro, To Are is Human, 12 GREEN BAG 2d 11, 12-13 (2008) (noting that Reporter of Decisions Henry Lind "asked the justices to vote on how to spell the cannabis-bearing plant" and subsequently "declared the issue resolved: '[T]he spelling from now on should be a "j." I hope that this will settle the matter.'").

shooting admissible. The Court will provide limiting instructions for the jury if requested by the Defendants. See United States v. Sanders, 343 F.3d 511, 518 (5th Cir. 2003) and United States v. Gonzalez-Lira, 936 F.2d 184, 192 (5th Cir.1991).

For the foregoing reasons,

**IT IS THEREFORE ORDERED AND ADJUDGED** that Government's Motion in Limine to Include Evidence [Record Document 138] be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 11th day of May, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE